**LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
K. CHIKE ODIWE, Esq. (SBN 315109)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
chike.odiwe@johnburrislaw.com

**LAW OFFICES OF JOHN L. BURRIS**
DEWITT M. LACY, Esq. (SBN 258789)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROSE DIAZ; and DIMAS DIAZ, individually; EDITH DIAZ, JESSE DIAZ; DAVID CHASE DIAZ and D.A.D., a minor by and through her guardian ad litem Alexis Marie Olivarez, individually and as co-successors-in-interest to Decedent DIMAS DIAZ JR.,

Plaintiffs,

vs.

COUNTY OF VENTURA, a municipal corporation; NOEL JUAREZ, individually and in his official capacity as a sheriff's deputy for the Ventura County Sheriff's Department and DOES 1-50, inclusive, individually and in their official capacities as agents for the Ventura County Sheriff's Department; and BRIAN GREEN, individually and in his official capacity

CASE NO.: 2:19-cv-04695

FIRST AMENDED COMPLAINT FOR DAMAGES
(42 U.S.C. Section 1983 and pendent tort claims)

JURY TRIAL DEMANDED

as a California Highway Patrol Officer for the California Highway Patrol and DOES 51-65, inclusive, individually and in their official capacities as California Highway Patrol Officers,

Defendants.

## INTRODUCTION

1. This case arises out of the wrongful death of Dimas "Juno" Diaz Jr. On January 12, 2019, just before noon, a phone call was made to dispatch concerning a domestic dispute between Isabelle Brilata and Juno. Shortly thereafter, multiple Ventura County Sheriff's deputies arrived on the scene and engaged in an approximate twenty (20) minute vehicle pursuit of Juno towards and onto Highway 101 in Calabasas, California. During the short pursuit, Juno crashed his car against a guardrail on the Highway. Juno then reportedly struggled to get out of the car. At or around the same time, multiple California Highway Partol (hereinafter "CHP") offcers and Ventura County Sheriff's Deputies surrounded Juno with their weapons trained on him. After Juno got out of his car, he stood behind his car door.

2. Suddenly, without warning or legal justification, Ventura County Sheriff's Deputy NOEL JUAREZ (hereinafter "NOEL JUAREZ") and California Highway Patrol Officer BRIAN GREEN (hereinafter "BRIAN GREEN") began to fire their service weapons at Decedent. In the moments before his death, video recordings of the incident reveal an officer yelling "Less lethal! Less lethal!"

3. Juno was pronounced dead at the scene of the incident.

4. This civil rights and wrongful death action seeks compensatory and punitive damages against Defendants for violating various rights under the United States Constitution and California state law in connection with the fatal police shooting of the Decedent, Dimas Diaz Jr.

## JURISDICTION AND VENUE

5. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Calabasas, County of Los Angeles, California, which is within the judicial district of this Court.

6. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

8. Decedent Dimas Diaz Jr. (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Co-Successors-in-Interest.

9. Plaintiff EDITH DIAZ (hereinafter "Plaintiff EDITH DIAZ") is and was at all times herein mentioned the spouse of Decedent. Plaintiff EDITH DIAZ sues in her individual capacity and as a Co-Successor-in-Interest to Decedent.

10. Plaintiff JESSE DIAZ (hereinafter "Plaintiff JESSE DIAZ") is and was at all times herein mentioned the biological son of Decedent. Plaintiff JESSE DIAZ sues in his individual capacity and as a Co-Successor-in-Interest to Decedent.

11. Plaintiff DAVID CHASE DIAZ (hereinafter "Plaintiff DAVID CHASE DIAZ") is and was at all times herein mentioned the biological son of Decedent. Plaintiff DAVID CHASE DIAZ sues in his individual capacity and as a Co-Successor-in-Interest to Decedent.

12. Plaintiff D.A.D. (hereinafter "Plaintiff D.A.D.) is and was at all times herein mentioned the minor biological daughter of Decedent. Plaintiff D.A.D. sues in her individual capacity and as a Co-Successor-in-Interest to Decedent. D.A.D. brings her claims through her guardian ad litem, Alexis Marie Olivarez.

13. Plaintiff ROSE DIAZ (hereinafter "Plaintiff ROSE DIAZ") is and was at all times herein mentioned the biological mother of Decedent. Plaintiff ROSE DIAZ sues in her individual capacity.

14. Plaintiff DIMAS DIAZ SR. (hereinafter "Plaintiff Dimas Diaz Sr.") is and was at all times herein mentioned the biological father of Decedent. Plaintiff Dimas Diaz Sr sues in his individual capacity.

15. Defendant COUNTY OF VENTURA (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Ventura County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of NOEL JUAREZ, individually and as a peace officer.

16. Defendant NOEL JUAREZ (hereinafter "Defendant NOEL JUAREZ") individually and in his official capacity as a Ventura County Sheriff's deputy violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered order defendants to engage in such conduct. Plaintiffs further allege that Defendant NOEL JUAREZ violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent.

17. Defendant BRIAN GREEN (hereinafter "Defendant BRIAN GREEN"), individually and in his official capacity as a California Highway Patrol officer, violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered order defendants to engage in such conduct. Plaintiffs further allege that Defendant NOEL JUAREZ violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent.

18. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs allege Defendants DOES 1 through 25 are Ventura County Sheriff's Deputies and violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the Defendants DOE Ventura County Sheriff's Department deputies violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiffs will amend this

Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

19. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the sheriff's deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

20. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 51 through 65, inclusive, individually and in their official capacities as CHP officers and therefore sue these defendants by such fictitious names. Plaintiffs allege Defendants DOES 51 through 65 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the Defendants DOES 51-65 violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiffs will amend this Complaint to state the names and capacities of DOES 51 through 65, inclusive, when they have been ascertained.

**PRELIMINARY ALLEGATIONS**

21. The County of Ventura is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendant NOEL JUAREZ and Defendants Ventura County Sheriff's Department DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of County and acting within the course and scope of their employment and/or agency.

22. Plaintiffs also allege that Defendant BRIAN GREEN and Defendant DOES 51-65, individually and in their official capacities as California Highway Patrol officers, caused Plaintiffs' and Decedent's injuries, damages and death.

23. Plaintiffs allege that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

24. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

25. Whenever and wherever reference is made in this Complaint to any act by Defendant NOEL JUAREZ, Defendant BRIAN GREEN as well as Defendants DOES 1-50 and DOES 51-65, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

## ADMINISTRATIVE PREREQUISITES

26. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed a claim against the County of Ventura and the California Highway Patrol on March 19, 2019. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.

## GENERAL ALLEGATIONS

27. On January 12, 2019, just before noon, a phone call was made to dispatch concerning a domestic dispute between Isabelle Brilata and Decedent.

28. Shortly thereafter, multiple VPD officers arrived on the scene and engaged in a short vehicle pursuit of Decedent on Highway 101 in Calabasas, California. During the short pursuit, Decedent crashed his car against a guardrail on the Highway. Decedent then struggled to get out of the car.

29. At or around the same time, multiple CHP offcers and Ventura County Sheriff's Deputies surrounded Decedent with their weapons trained on him. After Decedent got out of his car, he stood behind his car door.

30. Suddenly, without warning or legal justification, Defendant NOEL JUAREZ and Defendant BRIAN GREEN began to fire their service weapons at Decedent's person, striking Decedent multiple times and continued to do so while Decedent was laying defenseless on the ground.

31. Decedent was pronounced dead at the scene.

32. Despite Decedent's apparent injuries and pleas for help, Defendant NOEL JUAREZ and Defendant BRIAN GREEN, DOES 1-25, as well as DOES 51-65 refused to render aid to Decedent. Decedent died as a result of his injuries.

33. Decedent's death was proximately caused by the injuries he suffered at the hands of Defendant NOEL JUAREZ, Defendant BRIAN GREEN, DOES 1-25, as well as DOES 51-65.

34. Plaintiffs allege that reasonable sheriff's deputies and officers in the Defendants' positions would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that he was shot to death.

35. The actions and omissions of Defendant NOEL JUAREZ, Defendant BRIAN GREEN, DOES 1-25, and DOES 51-65 was without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

36. Plaintiffs are informed and believe and thereon allege that County and Defendant DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

37. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

**MONELL ALLEGATIONS**

38. Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), County is liable for all injuries sustained by Plaintiffs as set forth herein. County bears liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiffs' injuries. County and its officials maintained or permitted one or more of the following official policies or customs:

a) Failure to provide adequate training and supervision to sheriff's deputies with respect to constitutional limits on the use of deadly force;

b) Failure to provide adequate training and supervision to sheriff's deputies with respect to constitutional limits on use of force, arrest, search, and detention;

c) Failure to adequately discipline or retrain deputies involved in misconduct;

d) Selection, retention, and assignation of deputies with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e) Encouragement of sheriff's deputies in the belief that they can violate the rights of persons, such as Plaintiffs, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.;

f) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the unjustified shooting of Decedent.

**DAMAGES**

39. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

40. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

41. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

42. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

43. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 42 of this Complaint.

44. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

45. Defendant(s) unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

47. This use of deadly force was excessive and unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person. Moreover, the gunshots were heard at a time it appeared Decedent was on the ground. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

48. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(42 U.S.C. section 1983)**

**(Denial of Medical Care)**

**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

49. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint.

50. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

51. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love,

companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

53. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

54. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**
**(All Plaintiffs against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

55. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 54 of this Complaint.

56. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with Decedent.

57. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

58. As a result of the excessive force by Defendants, Decedent died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with Decedent.

59. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

60. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of

Decedent, and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

61. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiffs.

62. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

63. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

64. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants County and DOES 26-50)**

65. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 64 of this Complaint.

66. On information and belief Defendants' DOES 1-25 conduct, individually and as peace officers was ratified by County's supervisorial officers DOES 26-50.

67. On information and belief, Defendants were not disciplined for the killing of Decedent.

68. On and for some time prior to January 12, 2019 (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiffs and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution,

in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a) Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County Department policies, including the use of excessive and deadly force;

b) Of inadequately supervising, training, controlling, assigning, and disciplining County deputies, and other personnel, including Defendants who County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c) Of inadequately supervising, training, controlling, assigning, and disciplining County Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

d) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are deputies of County;

e) By failing to discipline County officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

f) By ratifying the intentional misconduct of Defendants and other officers who are deputies of County;

g) By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by

inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

h) By failing to properly investigate claims of unlawful detention and excessive force by County deputies.

69. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

70. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

71. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

72. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

73. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

74. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

75. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

76. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 75 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

77. Defendants shot and killed Decedent despite the absence of a threat to a defendant officer or any other person. Because Decedent died intestate. Plaintiffs are the proper persons to sue for his wrongful death under California state law.

78. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant County, as set forth herein-above proximately caused the death of Decedent.

79. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her father, Decedent, in an amount according to proof at trial.

80. As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

81. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

82. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 81 of this Complaint.

83. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

84. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

85. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

86. Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

87. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Survival Action: Assault)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

88. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 87 of this Complaint.

89. Defendants caused Decedent to fear that he was going to be shot and killed.

90. Defendants shot Decedent without cause. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Survival Action: Battery)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

91. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 90 of this Complaint.

92. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**(Survival Action: Intentional Infliction of Emotional Distress)**
**(Plaintiffs EDITH DIAZ, DAVID CHASE DIAZ, JESSE DIAZ, and D.A.D. by and through Alexis Marie Olivarez against Defendants NOEL JUAREZ, BRIAN GREEN, DOES 1-25, and DOES 51-65)**

93. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 92 of this Complaint.

94. Defendants' above-described conduct was extreme, unreasonable and outrageous.

95. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

96. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof as to Noel Juarez, Brian Green, DOES 1-25, and DOES 51-65;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: May 30, 2019

**LAW OFFICES OF JOHN L. BURRIS**

/s/ *John L. Burris*
John L. Burris
Attorney for Plaintiffs