PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, JR., State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Ventura and Noel Juarez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE DIAZ; and DIMAS DIAZ, individually; EDITH DIAZ, JESSE DIAZ; DAVID CHASE and D.A.D., a minor by and through her guardian ad litem Alexis Marie Olivarez, individually and as co-successors-in-interest to Decedent DIMAS DIAZ JR., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF VENTURA, a municipal corporation; NOEL JUAREZ, individually and in his official capacity as a sheriff's deputy for the Ventura County Sheriff's Department and DOES 1-50, inclusive, individually and in their official capacities as agents for the Ventura County Sheriff's Department; and BRIAN GREEN, individually and in his official capacity as California Highway Patrol Officer for the California Highway Patrol and DOES 51-65, inclusive, individually and in their official capacities as California Highway Patrol Officers, <br><br> Defendants. | Case No. 2:19-cv-04695-DMG (AGRx) <br><br> Honorable Dolly M. Gee <br><br> **DEFENDANTS COUNTY OF VENTURA AND NOEL JUAREZ'S NOTICE OF APPLICATION AND APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT WITH PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [*[Proposed] Order filed concurrently herewith*] <br><br> Date:       April 17, 2020 <br> Time:       9:30 a.m. <br> Courtroom: 8C |

1

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure § 877.6, Defendants County of Ventura and Noel Juarez (collectively, the "County Defendants") hereby submit their Application for a determination that their settlement with Plaintiffs Rose Diaz, Dimas Diaz, Edith Diaz, Jesse Diaz, David Chase Diaz, and D.A.D. (collectively, "Plaintiffs") was entered into in good faith.

The parties to this action are as follows:

- Plaintiffs Rose Diaz, Dimas Diaz, Edith Diaz, Jesse Diaz, David Chase Diaz, and D.A.D., individually and as co-successors-in-interest to Decedent Dimas Diaz Jr., represented by John L. Burris, DeWitt M. Lacey, and K. Chike Odiwe of the Law Offices of John L. Burris, Airport Corporate Centre, 7677 Oakport Street, Suite 1120, Oakland, California 94621;
- Defendants County of Ventura and Noel Juarez, represented by Paul B. Beach, James S. Eicher, Jr., and Rocco Zambito Jr. of Lawrence Beach Allen & Choi P.C., 100 W. Broadway, Suite 1200, Glendale, California 91210; and
- Defendant Brian Green, represented by Donna M. Dean of the California Attorney General's Office.

The parties to the settlement are Plaintiffs and the County Defendants. The pleadings affected by the settlement are Plaintiffs' Second Amended Complaint for Damages, filed August 12, 2019.

//
//
//
//

2

This Application will be based upon this Notice, the attached Memorandum of Points and Authorities, and the papers and pleadings on file with the Court in this matter.

Dated: March 18, 2020  LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Rocco Zambito, Jr.
      Rocco Zambito, Jr.
      Attorneys for Defendants
      County of Ventura and Noel Juarez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND.

This case arises from the fatal officer-involved shooting of Decedent Dimas Diaz Jr. ("Decedent"). On January 12, 2019, Ventura County Sheriff's Office dispatch received a call providing information regarding acts of domestic violence committed by Decedent in the City of Camarillo. When Ventura County Sheriff's Deputies arrived at the scene of the domestic violence incident, Decedent fled in a vehicle. Accordingly, Ventura County Sheriff's Deputies, and later, California Highway Patrol Officers, pursued Decedent in their vehicles. During the pursuit, law enforcement officers from both police agencies became aware that Decedent should be considered armed and dangerous.

Decedent led the law enforcement officers on a high speed pursuit for several miles, a significant portion of which took place on Highway 101. Ultimately, Decedent lost control of his vehicle and crashed into a guardrail on Highway 101 just west of the Las Virgenes/Malibu Canyon off-ramp. Subsequently, law enforcement officials stopped Highway 101 traffic behind Decedent's vehicle and waited behind their vehicles for Decedent to surrender. However, for almost one hour after the vehicle crash, Decedent failed to surrender. During this timeframe, Decedent went in and out of his car and failed to comply with numerous lawful orders. Additionally, Decedent conveyed to officers on scene that he was armed with a handgun, while consistently concealing his right hand underneath clothing near his waistband.

Decedent's actions, consistent with being armed, placed officers at the scene in reasonable fear for their lives and/or the lives of others. Ultimately, an officer-involved shooting incident occurred. Paramedic personnel had been staged nearby throughout the stand-off and were immediately requested to move forward to render medical aid, but were unable to prevent Decedent's death.

An investigation into this incident was conducted by the Los Angeles County Sheriff's Department and Los Angeles County District Attorney's Office, since the incident occurred in the County of Los Angeles. The Los Angeles County District Attorney's Office concluded that Defendants Ventura County Sheriff's Deputy Noel Juarez and California Highway Patrol Officer Brian Green "acted lawfully in self-defense and in defense of others when they used deadly force against Dimas Diaz, Jr."

On May 30, 2019, Plaintiffs filed suit against the County Defendants, as well as Officer Brian Green.

In the instant Application, the County Defendants seek a determination that their recent settlement with Plaintiffs, in the amount of $800,000 was made in good faith. The County Defendants are seeking this determination to ensure that there is no further potential liability against them from the remaining parties or third-parties.

## II. SETTLING PARTIES, TERMS OF SETTLEMENT, AND PLEADINGS AFFECTED.

The parties to the settlement are Plaintiffs and the County Defendants.

The County Defendants have reached a settlement in the amount of $800,000 in exchange for a dismissal with prejudice of all claims arising from the subject January 12, 2019 incident.

The pleadings affected by the settlement are Plaintiffs' Second Amended Complaint for Damages, filed August 12, 2019.

## III. GOOD FAITH SETTLEMENT DETERMINATION STANDARD.

California Code of Civil Procedure § 877.6 provides in pertinent part, "Any party to an action in which it is alleged that two or more parties are joint tortfeasors … shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors…" Federal courts in California have applied Section 877.6, holding,

"Parties can move for a determination of good faith settlement under this state law even in federal court." *Henriquez v. City of Bell*, 2015 WL 13423887 at *2 (C.D. Cal. 2015)(citing *Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990)).

The intent and policies underlying Civ. Proc. Code § 877.6 require that a number of factors be taken into account in determining the "good faith" of a settlement, including (1) a rough approximation of plaintiffs' total projected recovery and the settlor's proportionate liability, (2) the amount paid in settlement, (3) the allocation of settlement proceeds among plaintiffs, and (4) a recognition that a settler should pay less in settlement than he would if he were found liable after a trial. *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488, 499 (1985). Other relevant considerations include (5) the financial conditions and insurance policy limits of settling defendants and (6) the existence of collusion, fraud, or tortuous conduct aimed to injure the interests of nonsettling defendants. *Id.*

"[A] defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Torres v. Union Pacific R. Co.*, 157 Cal.App.3d 499, 509 (1984). The party asserting the lack of good faith, who has the burden of proof on that issue, must demonstrate that the settlement is so far "out-of-the-ballpark" in relation to these factors as to be inconsistent with the equitable objectives of the statute. *Tech-Bilt, Inc.*, 38 Cal.3d. at 499-500.

## IV. THE COUNTY DEFENDANTS' SETTLEMENT WITH PLAINTIFFS WAS MADE IN GOOD FAITH.

As set forth above, the County Defendants have reached a settlement with Plaintiffs in the amount of $800,000 in exchange for the dismissal of Plaintiffs' claims against the County Defendants arising from the subject incident. This settlement is sufficient to cover the County Defendants' proportionate share of

liability for the subject incident. Moreover, the settlement agreement was reached only after considerable arms-length negotiations between Plaintiffs and the County Defendants.

On October 18, 2019, the parties appeared for a telephonic scheduling conference with the Court. (Docket Number ("Dkt No.") 39.) During this telephonic scheduling conference, the parties agreed that in order to swiftly resolve this matter, it would be beneficial for the Court to order the parties to early mediation. Accordingly, that same day, the Court ordered the parties to participate in early mediation before Magistrate Judge La Mothe in Santa Barbara. (Dkt No. 40.)

Subsequently, multiple pre-settlement conference telephone calls were held between Magistrate Judge La Mothe and counsel for the County Defendants and Plaintiffs.[1] (Dkt Nos. 49, 56.) On January 14, 2020, Magistrate Judge La Mothe conducted a first settlement conference with Plaintiffs and the County Defendants. The parties were unable to reach a mutually agreeable settlement at that time. However, Magistrate Judge La Mothe ordered the parties back for a second settlement conference. (Dkt Nos. 57.) Therefore, a second settlement conference was held on February 6, 2020. After another day of negotiations, Magistrate Judge La Mothe proposed a mediator's compromise of $800,000 for the settlement of all claims against the County Defendants, which was ultimately accepted by both parties.

Several factors confirm that this is a good faith settlement. First, Plaintiffs' claims are primarily for non-economic damages, which are difficult to quantify. Decedent was not employed at the time of the incident and had not provided Plaintiffs with financial support in several years. Rather, Decedent had an extensive criminal history and had been incarcerated multiple times for violent

---

[1] Thus far, counsel for Defendant Green has not wished to be included, and thus, was not included, in the mediation efforts before Magistrate Judge La Mothe.

4

crimes, including acts of domestic violence. Decedent was a wanted parolee at the time of the incident. Furthermore, liability remains contested. Therefore, the resolution of this matter ensures that Plaintiffs will not walk away empty hand. In addition, given the early resolution of this matter, Plaintiffs have not yet generated considerable costs and attorney fees, and may avoid many of the difficulties and pressures of participating in contentious litigation.

Moreover, Plaintiffs do not allege that the County Defendants were more responsible for Decedent's death than California Highway Patrol Officer Brian Green, against whom Plaintiffs continue to maintain viable claims.

Additionally, in being represented by the Law Offices of John L. Burris, Plaintiffs have been counseled through settlement by a law firm with substantial experience in the practice area of civil rights litigation. All three attorneys from the Law Offices of John L. Burris, including Mr. Burris himself, appeared at the second settlement conference, during which the settlement agreement was reached. Finally, the settlement between Plaintiffs and the County Defendants was not the result of any collusion or fraudulent conduct aimed at injuring Defendant Green. Rather, it was based on the fair value of Plaintiffs' claims against the County Defendants and these parties' desire to resolve the claims without suffering the substantial costs and fees associated with extensive litigation. As indicated, the fair value was reached after two days of mediation and the acceptance of a mediator's compromise for the settlement of all claims against the County Defendants.

Thus, there is overwhelming evidence that $800,000 is well within the range of a good faith settlement between the County Defendants and Plaintiffs.

## V. CONCLUSION.

Based upon the above, the County Defendants respectfully request that the Court grant this Application and enter an Order determining that the settlement between Defendants County of Ventura and Noel Juarez, and Plaintiffs Rose

5

Diaz, Dimas Diaz, Edith Diaz, Jesse Diaz, David Chase Diaz, and D.A.D., was made in good faith.

Dated: March 18, 2020     LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Rocco Zambito, Jr.
Rocco Zambito, Jr.
Attorneys for Defendants
County of Ventura and Noel Juarez