XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6509
 Fax:  (916) 731-2120
 E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendant
Brian Green*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSE DIAZ, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF VENTURA, ET AL.,**<br><br>Defendants. | 2:19-cv-04695 DMG(AGRx)<br><br>**RESPONSE TO PLAINTIFFS' APPLICATION TO FILE EXHIBITS UNDER SEAL**<br><br>**[Local Rule 79-5.2.2(b)(i)]**<br><br>Judge:        Hon. Dolly M. Gee<br><br>Trial Date:   March 30, 2021<br>Action Filed: May 30, 2019 |

Defendant Brian Green is unable to submit a complete "declaration establishing that all or part of the designated material is sealable" within four days of the filing of Plaintiffs' Administrative Application to File Exhibits Under Seal (Dkt. No. 76) in accordance with Local Rule 79-5.2.2(b)(i) because:

    (1) plaintiffs failed to meet and confer pursuant to Local Rule 79-5.2.2(b) before filing the application in order to identify the documents to be filed under seal and to reduce or eliminate the need to file documents under seal;

//

1        (2) plaintiffs redacted all references to the evidence filed under seal in their publicly filed Declaration of DeWitt Lacy in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (see Dkt. No. 76-4); and

        (3) plaintiffs failed to serve copies of the evidence in support of plaintiffs' opposition to the motion for summary judgment and the materials submitted for filing under seal.

Dean Decl., ¶¶ 1-6. Accordingly, defendant cannot determine exactly what materials are filed under seal with the court (Dkt. 77) and therefore cannot file a complete declaration pursuant to Local Rule 79-5.2.2(b)(i).

    Plaintiffs purport to object to the designation of certain documents as confidential pursuant to the protective order. Plaintiffs never challenged those designations before the discovery cutoff and therefore waived such objections. See Dkt No. 53, para. 6.

    Plaintiffs' argument that some of the records – the dispatch audio recording, Mobile Video Audio Recording System (MVARS), and Body Worn Camera (BWC) – are subject to production pursuant to California Penal Code section 832.7 in response to a California Public Records Act request is unavailing. No such request has been made here. Moreover, neither California Penal Code section 832.7 nor the California Public Records Act mandate wholesale disclosure of records without any concern for officers' privacy or safety or the public interest. *Becerra v. Superior Court*, 44 Cal. App. 5th 897, 916, 923-929 (2020).

    As set forth in Defendant's Application to File Exhibits Under Seal (Dkt. No. 69), good cause exists to seal the audio and video evidence (and possibly the other evidence submitted by plaintiffs) because making those materials public could cause great distress to the officers involved in the shooting, could impact officer safety, and could taint the jury pool. On the other hand, no harm to the public would result from denying it the right to obtain the materials which are not

generally made available to the public at large. In addition, the materials are currently designated by Defendant Brian Green or former Defendant County of Ventura as confidential under the protective order issued in this case.

Finally, given that plaintiffs have not provided defendant with a redacted version of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, an unredacted version of the Declaration of DeWitt Lacy in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, or *any* version (redacted or unredacted) of Plaintiffs' Statement of Genuine Dispute of Material Facts, defendant is unable to form an opinion as to whether the redactions thereto are appropriate.

Accordingly, Defendant Brian Green requests that the court:

(1) issue an order sealing any dispatch audio, MVARS videos, and BWC videos submitted by plaintiffs for filing under seal; and

(2) order plaintiffs to immediately provide copies to defendant of all materials submitted for filing under seal and continue defendant's deadline pursuant to Local Rule 79-5.2.2(b)(i) to four days from the date defendant receives such materials from plaintiffs.

Dated: December 21, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General

/s/ Donna M. Dean

DONNA M. DEAN
Deputy Attorney General
*Attorneys for Defendant Brian Green*

## DECLARATION OF DONNA M. DEAN

I, Donna M. Dean, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent Defendant Brian Green in the above-captioned action. The facts set forth herein are within my personal knowledge.

2. Shortly after midnight on December 19, 2020, I received email notifications that plaintiffs filed Dkt. Nos. 76 and 77. I downloaded the available files on December 19, 2020, which consisted of the following:

   (a) Dkt. No. 76: "Plaintiffs' Administrative Application to File Exhibits Under Seal and Objection to Defendants' Application to File Exhibits Under Seal;"

   (b) Dkt. No. 76-1: "Declaration of DeWitt Lacy in Support of Plaintiffs' Administrative Application to File Exhibits Under Seal and Objection to Defendants' Application to File Exhibits Under Seal;" and

   (c) Dkt. No. 76-3: "Plaintiffs' Opposition to Motion for Summary Judgment, or in the Alternative Motion for Summary Adjudication" (without redactions); and

   (d) Dkt. No. 76-4: "Declaration of DeWitt Lacy in Support of Plaintiffs' Opposition to Motion for Summary Judgment, or in the Alternative Motion for Summary Adjudication" (with redactions).

3. Given that Docket No. 77 is filed under seal, I am not able to access it, and plaintiffs have not served the documents contained in Docket No. 77 on defendant.

4. Plaintiffs' counsel never contacted me pursuant to Local Rule 79-5.2.2(b) before submitting Docket Nos. 76 and 77 to discuss what materials plaintiffs would be filing under seal.

5. Plaintiffs redacted all references to the evidence filed under seal in their publicly filed Declaration of DeWitt Lacy in Support of Plaintiff's Opposition

1 | to Defendant's Motion for Summary Judgment (see Dkt. No. 76-4). Although this declaration purports to attach exhibits, no such exhibits were available via the ECF system.

6. I have not received copies of any of the evidence in support of plaintiffs' opposition to the motion for summary judgment or the materials submitted for filing under seal. Furthermore, plaintiffs have not informed me as to what materials were submitted for filing under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 21, 2020, at Los Angeles, California.

/s/ Donna M. Dean
Donna M. Dean

LA2019502881
Response to Application to File Documents Under Seal.docx